**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**RONNIE FLOW**                                                                                    **PETITIONER**
**ADC #097599**

v.                                     Case No.  3:20-cv-00308-DPM-JTK

**DEXTER PAYNE,** *Director*,
**Arkansas Department of Correction**                                              **RESPONDENT**

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Court Judge D.P. Marshall, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## Introduction

Pending before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 2) filed by Petitioner, Ronnie Flow, an inmate in the Arkansas Division of Correction (ADC). Respondent filed a Motion to Dismiss (Doc. No. 7). For the reasons outlined below, the undersigned recommends the Motion to Dismiss be granted and the petition be denied and the case dismissed with prejudice.

## Procedural History

In May 2017, Petitioner entered a negotiated guilty plea in Columbia County, Arkansas to two counts of second-degree sexual assault. He was sentenced to consecutively-

run 240 months on count one and sixty (60) months with 180 months suspended on count two, for an aggregate of 300 months' imprisonment. He did not appeal but filed an untimely Rule 37 petition that the circuit court denied on September 19, 2017.[1] On August 2, 2019, Petitioner filed a Petition to Correct Illegal Sentence. The Court denied the petition on August 27, 2019, finding it without merit as the sentences imposed were within the sentencing range for Class B felonies. Petitioner filed a pro se Motion for Rule on Clerk on September 5, 2019. The Arkansas Supreme Court treated the motion as one for access to records and as a petition for writ of certiorari to complete the record. It issued a writ of certiorari for the transcript held on Petitioner's plea hearing and coram nobis hearing, and ordered that, upon return of the writ, a new briefing schedule be set for the appeal.

Thereafter Petitioner engaged in a litany of filings in the Arkansas Supreme Court, including on September 9, 2019, a pro se Petition for Writ of Mandamus and Notice of Appeal of Illegal Sentence, and on November 20, 2019, a pro se Rule on Clerk/Certiorari. The Arkansas Supreme Court treated Petitioner's Second Motion for Rule on Clerk and Certiorari to Supplement the Record as a Petition for Writ of Certiorari. It granted the motion, ordering any hearing related to January 11, 2017, Orders for criminal responsibility and fitness to proceed examinations and for the forensic evaluation report filed on April 11, 2017, to be returned in thirty days, or by February 8, 2020. On May 4, 2020, Petitioner filed

---

[1] The State did not provide a copy of the Order denying the Rule 37 petition, but the Court viewed the Order via the Arkansas Administrative Office of the Courts CourtConnect Website, found at https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_main.cp_main_idx (last visited December 3, 2020).

a second Petition to Correct Illegal Sentence/Declaratory Judgment/Nunc Pro Tunc. The Arkansas Supreme Court denied the pro se Motion for Rule on Clerk/Certiorari. On July 22, 2020, Petitioner filed a Writ of Mandamus in the Arkansas Supreme Court. On June 24, 2020, the Columbia County Circuit Court denied the Petition to Correct an Illegal Sentence.

Petitioner filed the instant federal habeas petition on October 5, 2020 (Doc. No. 2). On October 27, 2020, Respondent filed a Motion to Dismiss (Doc. No. 7), arguing the federal petition should be dismissed as time-barred because Petitioner did not file it within one year of the date his conviction became final pursuant to 28 U.S.C. § 2244(d)(1). The Arkansas Supreme Court affirmed the trial court's denial of Petitioner's pro se petition for a writ of error coram nobis on November 12, 2020. *Flow v. State*, 2020 Ark. 370.

## Discussion

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year time limitation for a state prisoner to file a federal habeas petition. That year runs from the latest of four specified dates." *Jimenez v. Quarterman*, 555 U.S. 113, 114 (2009) (citing 28 U.S.C. § 2244(d)(1)). The date relevant here is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* (citing 28 U.S.C. § 2244(d)(1)(A)). Petitioner's convictions were entered on May 30, 2017. *See* Doc. 7-1, Sentencing Order. The judgment is deemed final by the expiration of the time for appealing, *i.e.*, thirty days, or on June 29, 2017, in this instance. *See Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. 2015). Thus, Petitioner had one year from that date, or until June 29, 2018, to file a timely federal habeas petition. Petitioner's federal

4

habeas petition—filed October 5, 2020—is untimely filed and time barred unless statutory or equitable tolling applies.

The habeas statute, 28 U.S.C. § 2244(d)(2), provides for tolling while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." However, Section 2244(d)(2) does not offer any relief to Petitioner because his Rule 37 petition was untimely filed in circuit court. A "properly filed" Rule 37 petition would toll the statute of limitations while the petition was pending in state court. *See* 28 U.S.C. § 2244(d)(2). An untimely Rule 37 petition is not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2012). All subsequent matters were filed after the one-year limitation period lapsed.[2]

There is also no argument or indication that any of the statutory exceptions to the one-year period of limitation apply. *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (explaining that the limitations period will be tolled in situations where the state impeded relief, new

---

[2] Case law suggests a writ of error coram nobis may toll the statute of limitations. *See Wall v. Kholi*, 562 U.S. 545, 559-60 (2011) ("we have nonetheless suggested that *coram nobis* is a means of 'collateral attack.'"); *Scott v. Kelley*, 2015 WL 7272927 (W.D. Ark., April 29, 2015) (the filing of the petition for writ of error coram nobis did not toll the limitations period because it was not properly filed); *Harris v. Kelley*, 2015 WL 745943 (E.D. Ark., Feb. 19, 2015) (finding the statute of limitations tolled by the timely filing of both a petition for writ of error coram nobis and state petition for writ of habeas corpus). Assuming without deciding that the statute of limitations applies to writs of error coram nobis, the Court finds the petition had no tolling effect because it was filed after the time for filing a federal habeas petition had expired. It is well-settled that postconviction motions filed after AEDPA's limitation period expired have no tolling effect. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (pendency of state post-conviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period).

constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim). Nor is there any reason to believe equitable tolling would be appropriate. In *Pace v. DiGuglielmo*, the United States Supreme Court held a petitioner is entitled to equitable tolling only if he can prove (1) he has been pursing his rights diligently and (2) some extraordinary circumstance prevented timely filing. *Pace*, 544 U.S. 408, 418 (2005). Petitioner has failed to demonstrate he acted diligently in filing his federal petition or that some extraordinary circumstance prevented timely filing. Accordingly, the Court finds the petition time-barred.

Petitioner claims in his writ he argued to counsel for seventeen months his actual innocence and demanded trial, although he entered a negotiated plea. In *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* [*v. Delo*, 513 U.S. 298 (1995)] and *House* [*v. Bell*, 547 U.S. 518 (2006], or ... expiration of the statute of limitations." The Court cautioned that "tenable actual-innocence gateway pleas are rare," and reiterated the "demanding" standard articulated in previous cases: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citing *Schlup*, 513 U.S. at 329; *House*, 547 U.S. at 538)). The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v.*

6

*Norman*, 651 F.3d 947, 951-953 (8th Cir. 2011), *cert. denied*, 568 U.S. 838 (2012). Petitioner's actual-innocence claim fails because he has come forward with no new evidence to support his actual innocence, much less "new reliable evidence." The law is clear that, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *see Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012), *cert. denied*, 571 U.S. 831 (2013) (when habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis").

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provide a basis for issuing a certificate of appealability.

## Conclusion

For the foregoing reasons, IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss (Doc. No. 7) be GRANTED. IT IS FURTHER RECOMMENDED that the Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 4th day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE